## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

WILLIAM STAPLES,               )
                               )
                   Plaintiff,  )
                               )
vs.                            )        Case No. CIV-08-531-D
                               )
UNITED STATES, et al.,[1]      )
                               )
                  Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, brings this action pursuant to Bivens v.

Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the

Federal Tort Claims Act (FTCA). Pursuant to an order by United States District Judge

Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for

initial proceedings consistent with 28 U.S.C. § 636(b)(3). Defendants United States of

America and Paul Kastner have both filed motions to dismiss, to which Plaintiff has

responded.  For the following reasons, it is recommended that the motion of Defendant

United States be denied, and that the motion of Defendant Kastner be granted.

Plaintiff brings this action against the United States of America and Paul A. Kastner,

warden of the Federal Transfer Center (FTC) in Oklahoma City.  Plaintiff alleges that he was

---

[1]Joe Keefer, who was identified as the warden of the Federal Transfer Center was the only named Defendant in the original complaint.  However, the Plaintiff has since amended his complaint to name the United States and Paul A. Kastner, who he identifies as warden of the Federal Transfer Center, as Defendants.  Plaintiff did not retain Joe Keefer as a Defendant when he amended his complaint.  Accordingly, he is no longer a party to this action.

transferred to the FTC on January 11, 2008 to await transfer to the United States Penitentiary in Leavenworth, Kansas.  Amended Complaint, p. 1.  He further alleges that on January 29, 2008, he was sitting on a plastic chair in an open area of the prison when a chair leg gave out, causing Plaintiff to fall backward and strike his head on a table.  Id. at 1-2.  Plaintiff claims that "two taped sutures" were applied to a laceration on the right side of his head.  Id. at 2. He claims that Defendants Kastner and the United States refuse to have chairs replaced with more durable chairs, and that inmates "tie these chair legs to keep them from slipping out from under them."  Id.  He claims this is deliberate indifference to the "serious safety" of Plaintiff, serious negligence, and that the Defendants are responsible for the safety of Plaintiff and the other inmates.  Id.  He claims a violation of his Eighth and Fourteenth Amendment rights.  Id.  He also alleges: "Plaintiff has no plain or available administrative remedy to resolve this matter" and that "a normal response to a claim when initiating one is ten days to inform an individual that their claim has been received and not anywhere from (3) weeks to (2) months."  Id.

## I. MOTION TO DISMISS OF DEFENDANT KASTNER

Defendant Kastner moves for dismissal on four grounds.  First, he claims that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  Defendant Kastner's Motion to Dismiss, p. 2-4.  Second, he claims that as an individual he cannot be liable under the Federal Tort Claims Act.  Id. at 4.  Third, Defendant Kastner contends that Plaintiff has failed to allege his personal participation in the acts which form the basis of this action.  Id. at 5.  Fourth, Defendant Kastner claims entitlement to qualified

immunity.  Id. at 6.

In response, Plaintiff states that he "concurs" with the dismissal of Defendant Kastner, leaving the United States as the sole defendant.  Plaintiff's Response to Motion to Dismiss, p. 1.  Accordingly, it is recommended that the motion to dismiss of Defendant Kastner be granted, and that he be dismissed from this action.

## II.  MOTION TO DISMISS OF THE UNITED STATES

Defendant United States moves to dismiss Plaintiff's action against it for his failure to timely effect proper service.  United States' Motion, p. 1. In particular, Defendant United States contends that proper service requires (1) delivering a copy of the summons and complaint to the United States Attorney for the district where the suit is brought; (2) **sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, District of Columbia**; and in any action attacking the validity of an order of an officer or agency of the United States who is not made a party, by sending a copy of the summons and complaint by registered or certified mail to that officer or agency.  Id. at 2 (citing Fed.R.Civ.P. 4(i)(l)).  Defendant United States argues that Plaintiff has offered no proof of service upon the United States Attorney General, and that the 120 days allowed for service has expired.  Id. at 2-3 (citing Fed.R.Civ.P. 4(m)).  Accordingly, Defendant United States moves the Court to dismiss Plaintiff's action against it.

Defendant United States is correct that Plaintiff has failed to properly serve the United States within the prescribed time limit.  Rule 4(m) states, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Plaintiff responds to the motion of Defendant United States by stating that he has served the "attorney general office at 210 West Park Ave., Suite 400, Oklahoma City, Oklahoma."  Plaintiff's Response to Defendant's Motion to Dismiss, Affidavit of William Staples, p. 3.  However, it is Plaintiff's failure to show that a copy of the summons and complaint has been sent by certified or registered mail to the Attorney General of the United States in Washington, D.C., which forms the basis of the current motion to dismiss. Plaintiff does not address this failure in his response, and thus he has not shown any cause for his failure to effectively serve the United States.

Although neither party has raised the issue, the undersigned notes that Fed. R. Civ. P. (4)(i)(4) provides that a court must allow a reasonable time to cure a failure to serve if either the Attorney General of the United States or the United States Attorney has been served.  Here, the United States Attorney has been served.  In dicta, the Tenth Circuit Court of Appeals has assumed without deciding that this subsection is an exception to Rule 4(m), citing the subsection's legislative history. Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995) ( "The advisory committee's note to Rule 4(m) does, in fact, mention Rule 4(i)(3), stating that the rule sets out "[a] specific instance of good cause.") However, the plain language of Rule 4(i)(4) appears to limit its applicability to cases in which an agency, officer, or employee of the United States is sued in an official capacity, or  an officer or employee

4

of the United States is sued individually.  See Tuke v. United States,  76 F.3d 155, 158 (7th Cir. 1996); Peterson v. Brownlee, No. 03-2329-JWL,  2004 WL 45528, at *2 (D. Kan. Jan. 8, 2004).[2] (where plaintiff sued only Secretary of the Army, and had served the United States Attorney and the Attorney General, Rule 4 (i) "counsels that plaintiff be provided an opportunity to cure the failure to serve the Secretary."). This provision's applicability to the present case is unclear because Plaintiff did initially name and serve an employee of the United States, Warden Kastner. [Doc. No. 18].  However, it is unnecessary to determine whether Rule 4(i)(4) applies in light of Plaintiff's subsequent dismissal of Defendant Kastner, because the undersigned finds that Plaintiff is entitled to a permissive extension of time to serve for the reasons set forth below.

        As noted, Plaintiff did not address his failure to serve the Attorney General and thus he has not shown any cause, much less good cause, for his failure to effectively serve the United States.  Notwithstanding the absence of a showing of good cause for the failure to timely serve Defendant United States, the Court must still consider whether a permissive extension of time to complete service of process is warranted. See Espinoza, 52 F.3d at 841. Three factors are relevant to this inquiry: (1) the statute of limitations; (2) possible complications involving service on the United States; and (3) evasion of service. Id. at 842.

---

        [2]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

With regard to the statute of limitations, Plaintiff alleges that the incident in question occurred on January 29, 2008, that he filed two claims – one in March 2008, and one on April 17, 2008 – and that the denial of his federal tort claim was received on July 10, 2008. Amended Complaint, p. 1. "A tort claim against the United States is barred unless it is presented to the proper agency within two years of its accrual and suit is commenced within six months of notice of the claim's denial by the agency." Industrial Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir.1994) (citing 28 U.S.C. § 2401(b) and Casias v. United States, 532 F.2d 1339, 1341 (10th Cir.1976)); D'Addabbo v. U.S., No. 08-4142, 2008 WL 5062181, at *2 (10th Cir. Dec. 2, 2008). Because the FTCA is a waiver of sovereign immunity, timeliness is a prerequisite for subject matter jurisdiction. Hoery v. United States, 324 F.3d 1220, 1221 (10th Cir. 2003). If Plaintiff's allegation that a denial of his tort claims was received on or about July 10, 2008 is taken as true, the undersigned notes that the six-month limitations period would have expired on or about January 12, 2009.

In a similar case in which a FTCA plaintiffs' action was dismissed for lack of proper service, the Tenth Circuit Court of Appeals found the plaintiffs' subsequent action untimely. Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994). The Court held that a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim, and that the Oklahoma savings statute, Okla.Stat. tit. 12, § 100, could not be applied so as to save plaintiffs' claims.[3] Accordingly, if the current

---

[3]The Benge court did not reach the question of whether the doctrine of equitable tolling could be applied to a FTCA complaint, because even with such tolling the plaintiffs'

action is dismissed for lack of timely service, any subsequent action could be deemed untimely. Thus, this factor weighs in favor of a permissive extension of the Fed.R.Civ.P. 4(m) service period.

Next, the undersigned has considered the complexity of the service requirements as cause for an extension. As noted by Defendant United States, Plaintiff is required in this case to comply with the rules governing service under Fed. R.Civ.P. 4(i)(1). However, because of Plaintiff's pro se status and the complex requirements of multiple service on the United States under Rule 4(i), a permissive extension of Plaintiff's time to serve under Rule 4(m) is appropriate.

Finally, the undersigned notes that nothing in the record suggests that the Attorney General of the United States has refused receipt of a copy of the summons and complaint. In fact, there is no indication that such has yet been mailed. Thus, this factor does not justify an extension.

In light of the forgoing, the undersigned finds that the 120-day time limit to complete service should be extended. Accordingly, it is recommended that Plaintiff be granted **thirty days** from the date of any order adopting this Report and Recommendation within which to complete proper service on the United States. However, Plaintiff is reminded that though he appears pro se, he is expected and required to follow the same rules of procedure governing

---

second action was untimely. Benge, 17 F.3d at 1288. Additional research indicates that it is still unclear whether the limitation provisions of the FTCA can be equitably tolled. However, even if the doctrine of equitable tolling were applicable, the time limit for filing a second action would be relatively short.

7

other litigants.  <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992).  Thus, his failure to effect proper service within any extended time limit **is grounds for dismissal of his action against the United States in the absence of justification for the failure.**  Fed.R.Civ.P. 4(m);  <u>Jones v. Frank</u>, 972 F.2d 872, 873-74 (10th Cir. 1992).

In light of the recommendation that Plaintiff's time to serve the United States be extended, it is recommended that the motion to dismiss of Defendant United States be denied.

## <u>RECOMMENDATION</u>

For the reasons set forth above, it is recommended that Plaintiff be granted a permissive extension of thirty days in which to complete proper service on the United States. If this recommendation is adopted, it is further recommended that  the motion to dismiss of Defendant United States [Doc. No. 21] be denied without prejudice to its right to re-urge the motion if Plaintiff is still unable to perfect service within any extended time limit.  It is further recommended that the motion to dismiss of Defendant Kastner [Doc. No. 22] be granted, and that Plaintiff's action against Defendant Kastner be dismissed without prejudice. The parties are advised of their right to file an objection to this Report and  Recommendation with the Clerk of this Court by March 2, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 9th day of February, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE