# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM STAPLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-08-531-D |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). Pursuant to an order by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(3). In response to an earlier motion by Defendant Kastner to dismiss both the Bivens and FTCA claims, Plaintiff voluntarily agreed to dismiss Defendant Kastner. [Doc. Nos. 22, 23, 25].[1] Thus, only the FTCA claim against the United States of America remains.[2]  The United States has filed a motion to

---

[1] A previous motion to dismiss was also filed by Defendant United States of America for Plaintiff's failure to timely effect service. [Doc. No. 21]. The undersigned extended the deadline for Plaintiff to serve the United States, and thus recommended that the motion to dismiss be denied. [Doc. No. 25]. That recommendation was adopted by Judge DeGiusti on March 9, 2009. [Doc. No. 31].

[2] The general jurisdictional statutes, including 28 U.S.C. § 1331, do not abrogate the government's sovereign immunity in a Bivens action, which extends only to an individual's actions taken in his official capacity. See Chapoose v. Hodel, 831 F. 2d 931, 935 (10th Cir. 1987) (Bivens "action only applies against the individual [officers] in their individual capacities").

dismiss the FTCA claim. Although Plaintiff has failed to respond, the time for doing so has now passed, and thus the matter is at issue. For the following reasons, it is recommended that the motion to dismiss of Defendant United States be granted.

Plaintiff alleges that he arrived at the Federal Transfer Center (FTC) in Oklahoma City January 11, 2008, to await transfer to the United States Penitentiary in Leavenworth, Kansas. Amended Complaint, p. 1. He further alleges that on January 29, 2008, he was sitting on a plastic chair in an open area of the FTC when a chair leg gave out, causing Plaintiff to fall backward and strike his head on a table. Id. at 1-2. Plaintiff claims that "two taped sutures" were applied to a laceration on the right side of his head. Id. at 2. He claims that Defendant United States has refused to have the chairs replaced with more durable chairs, and that inmates "tie these chair legs to keep them from slipping out from under them." Id. He claims this is deliberate indifference to the "serious safety" of Plaintiff, serious negligence, and that the Defendant is responsible for the safety of Plaintiff and the other inmates. Id. **I. MOTION TO DISMISS OF DEFENDANT UNITED STATES OF AMERICA**

The FTCA provides that a plaintiff must exhaust his administrative remedies before instituting a claim against the United States for money damages for the wrongful act of an employee acting within the scope of his or her employment:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final

>   disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a); see also Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) (as a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies). Defendant United States contends that Plaintiff submitted his tort claim on April 17, 2008. Motion to Dismiss, p. 1 and Ex. 1.[3] This action was filed on May 19, 2008 – only slightly over a month after Plaintiff's claim was submitted. [Doc. No. 1]. The tort claim was denied on July 10, 2008. Motion to Dismiss, p. 1 and Ex. 2. Thus, Defendant United States argues that this action is premature under the above statute.

The United States acknowledges that Plaintiff amended his complaint on August 14, 2008 (after denial of the tort claim), but contends that an action that is premature under the FTCA cannot be cured through such an amendment. The undersigned agrees.

In Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir.1999), the Tenth Circuit Court of Appeals agreed with the general proposition that a premature "complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." Id. (quotations omitted). Although the Court in Duplan found the general rule to be inapplicable in that case because the government had agreed to administrative closure of the first action pending exhaustion,

---

[3] Plaintiff also attached a copy of both his tort claim and the denial to his motion for discovery. See Doc. No. 24, Att. A & C.

Id., subsequent Tenth Circuit cases continue to adhere to the general rule that amendment cannot cure an FTCA action that is filed prematurely:

> as a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit. Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system.

Hill v. Pugh, No. 02-1561, 75 Fed.Appx. 715, 717-18 (10th Cir. Sept. 11, 2003); accord Buhl v. United States, No. 04-1137, 117 Fed.Appx. 39, 42 (10th Cir. Nov 08, 2004); Stevens v. United States, No. 02-3181, 61 Fed.Appx. 625, 627 (10th Cir. Apr. 01, 2003).[4] Accordingly, it is recommended that this action be dismissed without prejudice.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the motion to dismiss of Defendant United States [Doc. No. 35] be granted, and that this action be dismissed without prejudice as prematurely filed under the FTCA. In light of this recommendation, Plaintiff's motion for discovery [Doc. No. 24] is hereby denied. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 6, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes

---

[4] These unpublished decisions are cited pursuant to Fed.R.App.P. 32.1 and Tenth Cir. R. 32.1.

of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 16th day of June, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE